THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>ENVIRONMENTAL CLEANSING CORPORATION, an Illinois Corporation,<br><br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## C O M P L A I N T

Plaintiff, CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY, by and through its Attorney, Robert B. Greenberg, of Asher, Gittler & D'Alba, Ltd., complaining of the Defendant, ENVIRONMENTAL CLEANSING CORPORATION, an Illinois Corporation, states as follows:

1.　　This action is brought under the provisions of Sections 502 (a)(3) and (g)(2) and Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145.

2.　　Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2)], which states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3. The CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY ("Fund") has been established pursuant to collective bargaining agreements heretofore entered into between CONSTRUCTION WORKERS, ("Union") and Defendant, and the Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Fund is administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4. The Fund office is located at 2111 West Lincoln Highway (Route 30), Merrillville, Indiana 46410, and the Fund is administered in the Northern District of Indiana.

5. As provided in the Trust Agreement, Plaintiff is required to receive, hold and manage all monies required to be contributed to the Fund in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 16602 S. Crawford Avenue, Markham, IL 60428.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

8. Plaintiff is advised and believe that Defendant has failed to submit proper contribution reports and the required payments thereon to the Funds pursuant to the terms of the Collective Bargaining Agreement by which it was bound, all in violation of its contractual obligations and its obligations under applicable federal statutes.

9. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

10. Defendant's failure to pay in a timely manner is a violation of the Collective Bargaining Agreement and the Trust Agreement. Plaintiff, therefore, seeks enforcement of these provisions pursuant to Section 502(a)(3),(b)(ii) and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., Sec. 185(a).

11. For the period August 15, 2013, through June 30, 2015, Defendant has failed to properly remit its fringe benefit contributions, and there is now due Plaintiff the amount of $220,769.81.

12. Plaintiff has repeatedly requested payment from the Defendant as a result of Defendant's failure to remit proper payments, and Defendant has failed and refused to tender payment thereof.

WHEREFORE, Plaintiff prays:

(a) That judgment enter in favor of Plaintiff and against Defendant in the sum of TWO HUNDRED TWENTY THOUSAND SEVEN HUNDRED SIXTY NINE DOLLARS and 81/100 ($220,769.81) for deficiencies in its contribution obligation, liquidated damages and interest due as aforesaid in accordance with the applicable provisions of the Collective Bargaining Agreement.

(b) That Plaintiff be awarded its costs, including reasonable attorney's fees

incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(c) That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

(d) That Defendant be specifically ordered to furnish to Plaintiff the required monthly contribution reports and payments due thereunder and to continue to perform all obligations on Defendant's part according the terms and conditions of its Collective Bargaining Agreement.

(e) For such other and further relief as the Court may determine just and proper.

/s/ Robert B. Greenberg
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 1900
Chicago, Illinois 60606
(312) 263-1500 – Fax: (312) 263-1520
rbg@ulaw.com
IL ARDC#: 01047558