IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CONSTRUCTION WORKERS PENSION )
TRUST FUND LAKE COUNTY AND )
VICINITY, )
          Plaintiff, )
)    Case No. 15 C 8532
v. )
)    Judge Sharon Johnson Coleman
ENVIRONMENTAL CLEANSING )
CORPORATION, )
          Defendant, and )
          Third-Party Plaintiff, )
)
LABORERS' PENSION FUND & )
WELFARE FUNDS )
          Third-Party Defendants. )
)
LABORERS' PENSION FUND, and )
LABORERS' WELFARE FUND OF THE )
HEALTH AND WELFARE DEPARTMENT )
OF THE CONSTRUCTION AND GENERAL )
LABORERS' DISTRICT COUNCIL OF )
CHICAGO AND VICINITY, and JAMES S. )
JORGENSEN, as Administrator of the Funds )
)
          Counter-Plaintiffs, )
v. )
)
ENVIRONMENTAL CLEANSING )
CORPORATION, )
          Counter-Defendant )

**COUNTER-PLAINTIFFS' MOTIONS TO REINSTATE THIS CAUSE
AND TO ENTER JUDGMENT CONSISTENT WITH THE
<u>TERMS OF THE PARTIES' SETTLEMENT AGREEMENT</u>**

Counter-Plaintiffs, the Laborers' Pension Fund and Laborers' Welfare Fund of the Health

and Welfare Department of the Construction and General Laborers' District Council of Chicago and

1

Vicinity and James S. Jorgensen, in his capacity as the Administrator of the Funds (collectively hereinafter the "Funds"), by their attorneys respectfully request this Court to reinstate the above captioned matter, and, consistent with the Counter-Plaintiffs' and Counter-Defendant's Settlement Agreement, add Matthew Konopko as an individual Counter-Defendant and enter judgment in favor of the Funds and against the Counter-Defendants, Environmental Cleansing Corporation (the "Company") and Matthew Konopko. In support of this motion the Counter-Plaintiffs state the following:

1.     On or about June 4, 2016, the Counter-Plaintiffs and the Counter-Defendant (herein referred to as the "Parties") entered into a Settlement Agreement And Release (the "Agreement"), covering the Company's unpaid reports from December 2015 through April 2016, in the amount of $277,427.01 to resolve the above captioned lawsuit. A copy of the Agreement signed by Matthew Konopko, as President of Environmental Cleansing Corporation is attached hereto as Exhibit 1.

2.     The terms of the Agreement (See Exh. 1 at ¶1) provide that, simultaneously with the execution of the Agreement, Matthew Konopko would sign his Company's Installment Note (the "Note") with the Funds (See Exhibit 2, the Note), which is explicitly incorporated into the Agreement, and provides for the total payment amount of $277,427.01.

3.     The terms of the Agreement also provide that Matthew Konopko would sign a Personal Guaranty ("Guaranty") and Commercial Security Agreement ("Security Agreement"), indicating that he personally guaranties the payment of $277,427.01 to the Funds (See Exh. 1 at ¶1). The Guaranty and Security Agreement are also explicitly incorporated into the Agreement (See Exhibit 3, Guaranty and Security Agreement).

4.     The Agreement further provides that, if the Company fails to pay either its Note or

its ongoing monthly contributions, it shall be deemed in default within ten (10) days after the date payments are due, or within ten (10) days of a material breach of the terms of the Agreement or Note (Exh. 1, ¶4).

5. In the event of a default, the Agreement provides that the Company has ten (10) days to cure. However, should the Company fail to cure within that period, the Funds have the right to reinstate this action, and, upon motion in accord with the Court rules and notice to the Company, the Funds are entitled to entry of judgment by the Court against the Company and against Matthew Konopko, adding him as a Counter-Defendant, pursuant to his Guaranty (Exh. 1, ¶4-5). The Agreement grants leave to amend the Complaint seeking judgment against Mr. Konopko for all amounts due as described in the Agreement, Note and Guaranty, including reasonable attorneys' fees incurred by the Funds to obtain the judgment order, with notice of such motion to the Company at 16612 S. Crawford Avenue, Markham, Illinois 60428 (Exh. 1, ¶4).

6. Additionally, according to the Agreement, the Company and Konopko, are not permitted to raise defenses to bar judgment of the unpaid balance (Exh. 1, ¶5). The Note also contains an acceleration clause enabling the Funds to collect the full amount remaining on the Note in the event of a default (Exh. 2, ¶¶8-9). Thereby, upon motion, the Funds are entitled to entry of the balance owed against the Company and Konopko in the event of a default and failure to cure within the cure period.

7. According to the Agreement, the judgment shall include all unpaid amounts plus the reasonable attorneys' fees incurred in the Funds' efforts to seek compliance with the terms of the Agreement (Exh. 1, ¶¶5-6; Exh. 2, ¶¶8-9). The undersigned counsel has sent notice to the Company as specified in the Agreement and has further communicated with the Company's counsel by email

and phone, sending notice of Counter-Plaintiffs' motion to reinstate this cause, adding Konopko as a Counter-Defendant, and moving for judgment for the unpaid balance on the Note, liquidated damages and reasonable attorneys' fees.

8. According to the affidavit of Michael Christopher, the Funds' Field Representative, the Company failed to submit its April, May, June and July Note payments and was in default as of April 11, 2017, with a Note balance of $141,615.84 remaining due to the Funds pursuant to the Agreement and the Note. The Funds are further entitled to $7,080.79 in liquidated damages for the delinquent unpaid Note payments (See Exhibit 4, Affidavit of Michael Christopher at ¶¶5-6).

9. According to the undersigned's attached affidavit and fee report, the attorneys' fees incurred in the Funds collection efforts from the date of default on April 11, 2017 to the present, the amount of $1,267.50 is owed pursuant to the Agreement for the Funds' attorneys' fees (See, Schumann Affidavit, Exhibit 5 and attached Fee Report Exhibit 5A).

10. Thus, Counter-Plaintiffs seek to reinstate this cause, and consistent with the Parties' Agreed Order of Dismissal, which consents to this Court's jurisdiction for the purpose of enforcing the Parties' Agreement through August 1, 2018 (See, Agreed Order of Dismissal, Docket No. 42) and further request that the Court enter the judgment consistent with the Parties' Agreement.

WHEREFORE, Counter-Plaintiffs respectfully request this Court to enforce the Parties' Agreement, reinstating this cause, adding Matthew Konopko as an individual Counter-Defendant and entering judgment consistent with the Agreement and against the Counter-Defendants, for the balance owed on to the Funds on the Note, plus liquidated damages, and for the Funds' attorneys' fees incurred in collection efforts on the Note and in order to obtain this judgment from the date of the Company's default.

Respectfully submitted,

                                                            /s/Sara S. Schumann
                                                            *One of Counter-Plaintiffs' attorneys*

Karen I. Engelhardt
Sara S. Schumann
Ryan M. Thoma
Allison, Slutsky & Kennedy, P.C.,
230 West Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

July 7, 2017